# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### NORTHERN DIVISION

| | | |
|---|---|---|
| RAEBURN S. JOSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| AECOM; URS \| CH2M OAK RIDGE, | ) | Case No. |
| LLC; AECOM ENERGY & | ) | Jury Demanded |
| CONSTRUCTION, INC.; CH2M HILL | ) | |
| CONSTRUCTORS, INC.; URS | ) | |
| FEDERAL SERVICES, INC.; AECOM | ) | |
| MANAGEMENT SERVICES a/k/a | ) | |
| AECOM MANAGEMENT SERVICES | ) | |
| GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Raeburn S. Josey, for his Complaint against Defendants, AECOM, URS | CH2M Oak Ridge, LLC, AECOM Energy & Construction, Inc., CH2M Hill Constructors, Inc., and URS Federal Services, Inc., AECOM Management Services a/k/a AECOM Management Services Group, avers as follows:

### Nature of Action

1. This is a civil action seeking injunctive and monetary relief for injuries suffered and sustained by Plaintiff as a result of unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

### Jurisdiction and Venue

2. This Court's jurisdiction rests with 28 U.S.C. § 1331. -

3. Plaintiff has exhausted all administrative remedies and conditions precedent to

the filing of this action.

4. Plaintiff timely files this action within ninety days of receiving his notice of right-to-sue from the Equal Employment Opportunity Commission.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b), because the events and omissions giving rise to this action occurred in this judicial district.

Parties

6. Plaintiff, Raeburn S. Josey, is a 63 year-old Black man. He is a licensed and practicing attorney and currently resides in Oak Ridge, Tennessee.

7. Defendant, AECOM, is a publicly-traded Delaware corporation headquartered in Los Angles, California. AECOM provides design, consulting, construction, and management services to a wide range of clients, including the United States government, through various divisions, subsidiaries, and affiliated companies.

8. Defendant, AECOM Management Services a/k/a AECOM Management Services Group, is either a division or subdivision within AECOM that employs in-house counsel in Maryland who supervise and control the in-house attorneys working for UCOR and other companies affiliated with AECOM.

9. Defendant, AECOM Energy & Construction, Inc., is a subsidiary or division of AECOM. AECOM Energy & Construction, Inc. is incorporated in Ohio and based in Colorado.

10. Defendant, CH2M Hill Constructors, Inc. ("CH2M Hill"), is incorporated in Delaware and based in Colorado.

11. Defendant, URS | CH2M Oak Ridge, LLC ("URCOR"), is incorporated in Tennessee and based in Colorado. UCOR is a joint venture between AECOM, through AECOM Energy & Construction, Inc., and CH2M Hill.

2

12. Defendant, URS Federal Services, Inc. is a Delaware corporation based in Germantown, Maryland.

13. All of the defendants share common ownership and management over operations and labor relations.

14. All defendants, either individually, collectively, or jointly, satisfy the definition of "employer" under Title VII as it relates to Plaintiff's employment.

Facts

15. Until 2011 Plaintiff served as General Counsel for Washington TRU Solutions LLC ("WTS"), a United States Department of Energy ("DOE") contractor serving the Waste Isolation Pilot Plant in Carlsbad, New Mexico. WTS was an affiliate company of URS Corporation, an engineering, design, and construction firm later acquired by AECOM in October 2014.

16. Beforehand, in or around 2010, URS Corporation joined CH2M Hill, another engineering and construction firm, in a successful bid to perform DOE contract decontamination and demolition work at the East Tennessee Technology Park in Oak Ridge, Tennessee. URS Corporation and CH2M Hill created Defendant, URS | CH2M Hill Oak Ridge, LLC, to serve as the nominal contractor, and the contract commenced on or about August 1, 2011.

17. URS Corporation transferred Plaintiff from Carlsbad to Oak Ridge to serve as UCOR's General Counsel. The move was considered a promotion because Plaintiff was taking on the added responsibility of setting up UCOR's organizational structure and ensuring a smooth commencement of UCOR's work at the site.

18. At the time of the transition, the DOE had established a "mentor/protégé" program that allowed for the awarding of subcontracts outside of the regular

3

competitive bid process. UCOR selected Transportation Operations and Professional Services Inc. (TOPS) as its protégé subcontractor and sourced a water transportation contract to the firm.

19. In January 2014, TOPS became the subject of a Department of Justice (DOJ) criminal investigation. Their offices were raided, and because of UCOR's mentor/protégé relationship with TOPS, several UCOR managers received federal subpoenas for information and materials. Among the UCOR managers subpoenaed by the DOJ were Leo Sain, President and Project Manager; Jeff Bradford, Waste Disposal Programs Manager; Jeff Selvey, S&M Operations Manager, and Vince Malvette, Procurement Manager, all of whom are White males.

20. Plaintiff, however, was not issued a subpoena in connection with the DOJ's TOPS investigation.

21. As already stated, in October 2014, Defendant AECOM acquired URS Corporation, including URS Corporation's interest in UCOR and the DOE contract at the East Tennessee Technology Park site; incidentally, AECOM also inherited UCOR's obligations with respect to the DOJ's investigation of TOPS, which was still ongoing.

22. Upon AECOM's acquisition of URS Corporation, Plaintiff's chain-of-command changed, and he began a reporting relationship within AECOM's Energy and Environmental Division, specifically Stuart Young, VP and General Counsel of AECOM Management Services (Group), and Mark Esposito, Assistant General Counsel of AECOM Management Services (Group). Both Young and Esposito are White males.

23. After about two years, upon information and belief, the DOJ closed its criminal investigation of TOPS, Defendant UCOR was not implicated. Further, out of the four White UCOR managers who received subpoenas as referenced in Paragraph 19 above,

4

only one was terminated (a few months after the investigation began), and the rest were either promoted or moved to lateral positions within AECOM.

24. In late-2016, however, UCOR received a DOJ-issued civil investigative demand (CID), again related to TOPS contract matters.

25. On June 8, 2017, Plaintiff summoned to UCOR President Ken Rueter's office. Also present were Ted Myers, Administrative Services Manager, and Mark Esposito, AECOM Assistant General Counsel. The three informed Plaintiff that he was being "removed" as General Counsel of UCOR, i.e., terminated, because it was probable that he would be a material witness in connection with the DOJ's CID to UCOR.

26. This was not the true reason for Plaintiff's termination. In fact, were it true, then all of the four White UCOR managers—who actually were witnesses to a criminal investigation—would have been "removed" or terminated from their positions. Instead, they were retained, promoted, or moved to lateral positions within AECOM.

27. In truth, Plaintiff had a long history of opposing management decisions affecting African-American employees and subcontractors. Plaintiff had complained on numerous occasions about how African-American employees, including himself, were treated unfavorably and how African-Americans were rolled-off subcontractor lists.

28. In particular, around late-March/early-April 2017, a few short months before his own termination, Plaintiff opposed management's decision to terminate an African-American female employee. Plaintiff complained to UCOR Management and Human Resources that management's reasons for terminating this employee were insufficient and smacked of retaliation against her arising out of her earlier complaints of racial discrimination which had resulted in reinstatement.

29. Additionally, Plaintiff believes and alleges that he has been discriminated

against by being paid substantially less than White general counsel within AECOM.

Count I<br>
<u>Race Discrimination - Termination</u>

30. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–31 as if set forth fully herein.

31. Plaintiff is within the class of persons protected from discrimination under Title VII.

32. Plaintiff was at all times qualified for the position in question.

33. Defendants discharged Plaintiff because his is African-American.

34. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has suffered lost wages and benefits, for which Defendants are now legally liable.

35. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has suffered, among other injuries, humiliation, embarrassment, and emotional distress.

36. Plaintiff is additionally entitled to recover reasonable attorney's fees and costs stemming from this violation of Title VII.

Count II<br>
<u>Race Discrimination - Compensation</u>

37. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–36 as if set forth fully herein.

38. Plaintiff is within the class of persons protected from discrimination under Title VII.

39. Plaintiff was at all times qualified for the position in question.

40. Defendants paid Plaintiff less, because he is African-American, than similarly

6

situated White general counsel performing substantially equal work.

41. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has suffered lost wages and benefits, for which Defendants are now legally liable.

42. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has suffered, among other injuries, humiliation, embarrassment, and emotional distress.

43. Plaintiff is additionally entitled to recover reasonable attorney's fees and costs stemming from this violation of Title VII.

Count III
Retaliatory Discharge

44. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–43 as if set forth fully herein.

45. Plaintiff engaged in opposition protected by Title VII.

46. Defendants discharged Plaintiff in retaliation for said opposition.

47. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered lost wages and benefits, for which Defendants are now legally liable.

48. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered, among other injuries, humiliation, embarrassment, and emotional distress.

49. Plaintiff is additionally entitled to recover reasonable attorney's fees and costs stemming from this violation of Title VII.

Punitive Damages

50. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–49

7

as if set forth fully herein.

51. Defendants acted willfully, intentionally, or at the very least with malice or reckless indifference to Plaintiff's federally- protected rights, entitling Plaintiff to punitive damages under Title VII.

Prayer for Relief

WHEREFORE, Plaintiff, Raeburn S. Josey, respectfully prays for relief as follows:

1. That process issue and Defendants be required to answer this Complaint within the time prescribed by the Federal Rules of Civil Procedure.

2. That Plaintiff be awarded damages in the amount of wages, salary, employment benefits and other compensation, including, but not limited to back pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest; compensatory damages for emotional distress, and punitive damages for Defendants' intentional indifference to Plaintiff's federally and state protected rights.

3. That Plaintiff be awarded reasonable attorneys' fees and costs in an amount to be determined by the Court;

4. That Plaintiff be awarded such other legal and equitable relief to which she may be entitled; and

5. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

/s/Ursula Bailey
Ursula Bailey (TN Bar # 020616)

LAW OFFICE OF URSULA BAILEY
422 S. Gay Street, Suite 301
Knoxville, Tennessee 37902
(865) 522-9943
(865) 522-9945 fax


Richard E. Collins (TN Bar # 024368)
COLLINS & DOOLAN, PLLC
422 S. Gay St., Suite 301
Knoxville, TN 37902
(865) 409-4416
(865) 409-2494 fax
richard@collinsdoolan.com

9